BLOODWORTH, Justice.
Plaintiff, Assured Investors Life Insurance Company, appeals from a judgment for defendant, Charles H. Payne, as Commissioner of Insurance of the State of Alabama. We reverse and remand.
Plaintiff, an Alabama corporation qualified to engage in the insurance business, was notified by defendant Insurance Commissioner that plaintiffs capital was impaired and was given sixty days within which to cure the reported impairment. Plaintiff then determined to remedy the impairment by amending its certificate of incorporation and reducing its capital from $500,000.00 (500,000 shares of common stock issued and outstanding with a par value of $1.00 per share) to $100,000.00 with a corresponding reduction in the par value of its common stock to $.20 per share.
Insurance Departmental Regulation No. 34 (see Appendix “A”), however, provides, in pertinent part, that no insurer can reduce the par value of its stock below $1.00 per share without the Commissioner’s approval. Although plaintiff took the position that the regulation is void, plaintiff nevertheless requested defendant to permit it to reduce the par value of its stock. Defendant denied this request on January 11, 1978.
Plaintiff then filed suit against defendant on January 17, 1978, seeking a preliminary and permanent injunction against defendant’s enforcement of Regulation No. 34. Pursuant to plaintiff’s motion, an expedited hearing was held on January 18,1978. On January 27, 1978, the court entered its final decree upholding the validity of the regulation. The appeal was submitted in this Court, on briefs, February 9, 1978.
Plaintiff contends that the regulation is void insofar as it is in conflict with § 10-2-31, Code 1975, and § 27-27-41(b), Code 1975, and thus violates § 27-2-17(a), Code 1975. We agree and, therefore, reverse and remand.
Plaintiff, as an Alabama insurance corporation, is governed by the Alabama statutes relating to domestic private corporations, unless those statutes “conflict with the express provisions of this title [on insurance] and the reasonable implication of such provisions.” § 27-27-61, Code 1975.
Under the express provisions of § 10-2-31, Code 1975, plaintiff possesses the power and the right to increase or decrease its authorized capital stock by changing the par value of its shares.
Likewise, § 27-27-41(b), Code 1975, specifically grants a stock insurer, like plaintiff, the right to cure a capital impairment “by reduction of the insurer’s capital to an amount not below the minimum required for the kinds of insurance thereafter to be transacted . . . § 27-27-41(b), Code 1975.
Defendant contends, however, that Regulation No. 34, which, as noted above, proscribes reduction of the par value of the stock below $1.00 per share, unless he approves such reduction, is not only binding upon plaintiff but is also a valid exercise of his power. We cannot agree.
It is, of course, true, as defendant argues, that he may make reasonable rules and regulations for the effectuation of the insurance laws. Where, as here, however, *146 such a regulation conflicts with this state’s laws, the regulation is void. § 27-2-17, Code 1975. See also State v. Advertiser Company, 337 So.2d 942 (Ala.Civ.App.1976), cert. quashed 337 So.2d 947 (Ala.1976). McCrory v. Wood, 277 Ala. 426, 171 So.2d 241 (1965); Alabama State Board of Optometry v. Busch Jewelry Company, 261 Ala. 479, 75 So.2d 121 (1954).
We think the conflict here is apparent. The Alabama Business Corporation Act expressly permits reduction of capital. Likewise, this same right is granted to stock insurers in § 27-27-41(b), Code 1975, so long as the reduction of capital does not fall below the minimum required by law. Clearly, Department Regulation No. 34 conflicts with these statutes by virtue of its prohibition on reducing the par value of stock below a certain amount. Nor is the conflict cured by virtue of that portion of the regulation which allows such reduction if the Commissioner approves of it, because the right granted in the above noted statutes is not conditioned upon the Commissioner’s approval.
Defendant argues, however, that the reduction sought by plaintiff would place it below the minimum amount required, which defendant argues is $200,000.00.
At the time plaintiff became an “old line legal reserve life insurance company,” on December 31, 1964, Tit. 28, § 1, Code 1940, required that it .. . have an actual capital fully paid up in cash, of not less than one hundred thousand dollars . . ” Tit. 28, § 1, Code, was amended in 1965 during the Second Special Session of the Legislature by Act No. 143, to require that “[a]ll insurance corporations shall possess and thereafter maintain unimpaired paid-in capital . . in an amount not less than two hundred thousand dollars.” However, a “grandfather clause” was added to Act No. 143, which allowed insurance corporations holding valid certificates of authority prior to the effective date of Act No. 143 (October 2, 1965) to continue to be licensed by maintaining not less than the same amount of paid-in capital as had previously been required by law. In other words, the $100,000.00 minimum capital requirement of Tit. 28, § 1, was preserved for plaintiff, provided it possessed a valid certificate of authority before October 2, 1965.
Subsequently, Act No. 407, § 813, Acts of Alabama 1971, repealed Tit. 28, § 1, as well as its amendments. Again, however, a “savings clause” was inserted in § 810 of Act No. 407 which provided that “This Act shall not impair or affect any . '. right accruing, accrued or acquired . prior to the time this Act takes effect, but the same may be enjoyed, asserted, . as fully and to the same extent as if this Act had not been passed.” In other words, the $100,000.00 minimum capital requirement was again preserved in Act No. 407 for those insurance companies which were holding valid certificates of authority prior to the effective date of Act No. 143, October 2, 1965.
Defendant contends that plaintiff cannot be “grandfathered” in because the effective date of Act No. 143 was October 2, 1965, but plaintiff’s certificate of authority was not issued until December 28, 1965.
In answer to this assertion, there is nothing in the record indicating when the certificate of authority was issued. Thus, we do not reach this issue. The trial judge will have to resolve that issue on remandment. Moreover, the only issue presented to the trial judge was the validity of the regulation vel non. That is the issue on this appeal. We simply hold it is invalid, being in contravention of the statutes.
Nor, do we reach the issue as to whether the Commissioner is authorized to suspend or revoke the plaintiff’s certificate of authority if he finds that the plaintiff is in “unsound condition,” under § 27-3-21(b), Code 1975.
For the foregoing reasons, therefore, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.
*147 APPENDIX A
DEPARTMENTAL REGULATION NO. 34
NOVEMBER 3, 1959
SUBJECT: CAPITALIZATION OF DOMESTIC INSURANCE COMPANIES
Pursuant to the authority vested in me, as Superintendent of Insurance of the State of Alabama, by Title 28, Section 47(9), 47(13), Code of Alabama 1940, as amended, the following is adopted:
I. Departmental Regulation No. 34 dated March 13, 1959 together with Amendment No. 1 dated April 15,1959 is rescinded effective this date.
II. The following Departmental Regulation No. 34 is substituted therefor:
1. Subsequent to November 3, 1959, no domestic insurance company shall either initially by its original certificate of incorporation or subsequently by amendment thereto reduce the par value of any class of its shares below One Dollar ($1.00), unless justification therefor, in writing together with documentation, is submitted to the Superintendent of Insurance and his approval in writing to such reduction in par value of any class of such shares below One Dollar ($1.00) is granted.
2. No further reduction in the par value of any class of a domestic insurance company shall be permitted if the par value on the effective date of the original Departmental Regulation No. 34, or any date subsequent thereto was less than One Dollar ($1.00).
DONE at Montgomery, Alabama, on this the 3rd day of November, 1959.
EDMON L. RINEHART, SUPERINTENDENT OF INSURANCE